LAW OFFICES OF MITCHELL S. SEGAL P.C.
Mitchell Segal, Esq.
Law Offices of Mitchell Segal, P.C.
1010 Northern Boulevard
Suite 208
Great Neck, New York 11021
Ph. (516) 415-0100
Fx. (516) 706-6631
Attorneys for Plaintiff and the Class

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____

KENNETH T. CHAVEZ,
on behalf of himself and all others similarly situated,

                           Plaintiff(s),

       -against-

38-60 13th ST PARTNERS LLC d/b/a THE
GIORGIO HOTEL,
                        Defendant(s).
_____

Case No.:

**CLASS ACTION COMPLAINT**

## COMPLAINT

Plaintiff, KENNETH T. CHAVEZ (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by its attorney, the Law Offices of Mitchell S. Segal, P.C., hereby files this Class Action Complaint against the Defendant 38-60 13th ST PARTNERS LLC d/b/a THE GIORGIO HOTEL, (hereinafter "Defendant") and states as follows:

## INTRODUCTION

1.  This class action seeks retribution for the Defendant's actions against the Plaintiff and other individuals who suffer from what constitutes a "qualified disability" under the American with Disabilities Act of 1990.  The Plaintiff is uniped and an amputee and uses a wheelchair for mobility.  The Defendant owns and/or operates and/or maintains and/or manages the 38-60 13th ST Partners LLC d/b/a The Giorgio Hotel, located at 38-60 13th Street, Long Island City, New York 11101  (the "Hotel") along with its website located at the domain of www.giorgiohotel.com (the "Website").  The Website describes the Hotel in detail providing information about the Hotel,

rooms and local attractions including pictures and allows an individual to make reservations through its Website and provides information regarding guestrooms and amenities.   Other websites operated by third parties also allow individuals to use a reservation system to reserve rooms at the Hotel (the Website and these third-party websites shall be referred to as the "Websites").

2.      Pursuant to the American with Disabilities Act (the "ADA") Defendant, as Hotel owners and operator were required to update and modify its reservation systems, including its online reservation systems in order to (a) identify and describe disabled accessible features of the Hotel in detail; (b) identify and describe disabled accessible features of ADA compliant guest rooms in detail; (c) permit disabled individuals to independently assess whether the Hotel and its available guestrooms meet their individual accessibility needs (by describing accessible features or the lack thereof); and (d) allow reservations to be taken for accessible guestrooms in the same manner as for non-accessible guestrooms pursuant to 28 C.F.R. § 36.302 (e)(1) .  The Defendant has not complied and discriminates against the Plaintiff and other disabled individuals in violation of the rights granted under the ADA.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12181 for Plaintiff's claims which arise under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., and 28 U.S.C. § 1332 because this is a class action defined by 28 U.S.C. § 1332(d)(1)(b), in which a member of the presumed Class is a citizen of a different state of Defendant and the amount in controversy exceeds the sum or value of $ 5,000,000, excluding interests and costs. 28 U.S.C. § 1332 (d)(2).

4.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 under the New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 290 et seq.) and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 et seq. ("NYCHRL").

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a).

6.      The Court has personal jurisdiction over the Defendant in this action. Defendant transacts substantial business in this District through its Hotel, located in this District.

7.      Venue lies in this District pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the actions and/or omissions giving rise to the Plaintiff's claims occurred in this District. Defendant has been and is continuing to commit the alleged acts and/or omissions in the Eastern District of New York that caused injury and violated the Plaintiff's rights and the rights of other disabled individuals.

8.      This honorable Court has the authority to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9.      The Plaintiff, KENNETH T. CHAVEZ, was and is over the age of 18 years and is a resident of New York County, New York.

10.     Plaintiff has at all herein suffered from a "qualified disability" as defined in the ADA under 42 U.S.C. § 12102(1)-(2), 28 CFR §§ 36.105, the New York State Human Rights Law and the New York City Human Rights Law.  Plaintiff is uniped, an amputee, and must use a wheelchair or other motorized mobility device.

11.     The Defendant 38-60 13th ST PARTNERS LLC, is a Domestic Limited Liability Company organized under the laws of New York and owning, operating and managing the Hotel which is located at 38-60 13th Street, Long Island City, New York 11101 and is authorized to conduct business in New York.  The Defendant owns and/or manages and/or operates and or otherwise controls THE GIORGIO HOTEL and its Website.

12.     The Defendant owns, manages, controls and maintains the Website with the domain name of  www.giorgiohotel.com  in conjunction with THE GIORGIO HOTEL.

13.     The purpose of the ADA is to provide laws, standards and regulations which can provide national guidelines in order to eliminate discrimination against individuals with disabilities. Pursuant to 42 U.S.C. §12134(a), the Department of Justice, Office of the Attorney General ("DOJ"), published revised regulations for Title III of the Americans With Disabilities Act of 1990 requiring, among other things, that public accommodations, including places of lodging, conform to these revised regulations on or before March 15, 2012.  Defendant's Hotel is a place of public accommodation that is required to conform to these regulations.

14.     A website is a place of accommodation defined as "places of exhibition and entertainment," places of recreation," and "service establishments." 28 C.F.R. § 36.201 (a); 42 U.S.C. § 12181 (7).

15.     The Plaintiff seeks injunctive and declaratory relief requiring the Defendant to correct the barriers which prevent access for the disabled.

## CLASS ACTION ALLEGATIONS

16.     Plaintiff, for himself and on behalf of others similarly situated, seeks class action certification pursuant to the Federal Rules of Civil Procedure Rule 23(a) and 23 (b)(2) of all disabled individuals in the United States that are unable to walk as a result of their disability and, as a consequence, must use a wheelchair or other motorized mobility device and who have been denied equal access to goods and services of the Defendant's Hotel, Website and the Websites.

17.     Plaintiff, on behalf of himself and on behalf of all others similarly situated, seeks to certify a New York State subclass under Federal Rules of Civil Procedure Rule 23(a) and 23 (b)(2) of all disabled individuals in State of New York who are unable to walk as a result of their disability and, as a consequence, must use a wheelchair or other motorized mobility device and who have been denied equal access to goods and services of the Defendant's Hotel, Website and the Websites.

18.     Plaintiff, on behalf of himself and on behalf of all others similarly situated, seeks to certify a New York State subclass under Federal Rules of Civil Procedure Rule 23(a) and 23 (b)(2) of all disabled individuals in the City of New York who are unable to walk as a result of their disability and, as a consequence, must use a wheelchair or other motorized mobility device and who have been denied equal access to goods and services of the Defendant's Hotel, Website and the Websites.

19.     The Class is so numerous, being composed of millions of disabled individuals in the United States that are unable to walk as a result of their disability and must use a wheelchair or other motorized mobility device, that joinder of all members is impracticable, Additionally, there are questions of law and/or fact common to the Class and the claims of the Plaintiff are typical of the Class claims.

20.     Common questions of law and fact exist amongst the Class including:

    a.   Whether the Hotel and Website are "public accommodation[s]"under the ADA and New York laws;

    b.   Whether there was a violation under the ADA due to the barriers that exist at the Defendant's Hotel and its Website and whether the Plaintiff and the Class were denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations; and

    c.   Whether there was a violation under New York law due to the barriers that exist on the Defendant's Hotel and its Website and whether the Plaintiff and the Class were denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations.

21.     The Plaintiff's claims are typical of those of the Class as they both claim that Defendant violated the ADA, and/or the laws of New York by failing to have it's Hotel, Website and the Websites accessible.

22.     Plaintiff will fairly and adequately represent and protect the interests of the Class members as the Plaintiff and the Class are individuals having the same claims as they are unable to walk and must use a wheelchair or other motorized mobility device.

23.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds applicable to the Class making declaratory and injunctive relief appropriate.

24.     Questions of law or fact common to Class members predominate questions affecting individual Class members and a class action will fairly and efficiently decide this action.

25.     Counsel for the Plaintiff is experienced representing both Plaintiffs and Defendant's in Class actions.  As such the Class will be properly represented.

26.     Judicial economy will be served by maintaining this lawsuit as a class action as it will prevent the filing of a voluminous number of individual lawsuits throughout the United States by people who are individuals having the same claims as the Plaintiff all of whom are disabled, unable to walk and must use a wheelchair or other motorized mobility device.


## FACTUAL ALLEGATIONS

27.     Defendant is required by the ADA, its accompanying regulations contained in the Code of Federal Regulations (C.F.R.), Architectural Guidelines and 2010 ADA Standards to ensure that its place of lodging complies with the standards applicable to public accommodations and is accessible to disabled individuals.

28.     28 C.F.R. §36.302(e)(l), which became effective on March 12, 2012, provides:
            "Reservations made by places of lodging. A public accommodation
            that owns, leases (or leases to), or operates a place of lodging shall,
            with respect to reservations made by any means, including by
            telephone, in-person, or through a third party –
            (i) Modify its policies, practices, or procedures to ensure that
            individuals with disabilities can make reservations for accessible
            guest rooms during the same hours and in the same manner as
            individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others".

29.    "Section 36.302 of the 1991 Title III regulation requires public accommodations to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford access to any goods, services, facilities, privileges advantages or accommodations, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations.  Hotels, timeshare resorts, and other places of lodging are subject to this requirement and must make reasonable modifications to reservation policies, practices or procedures when necessary to ensure that individuals with disabilities are able to reserve accessible hotel rooms with the same efficiency, immediacy, and convenience as those who do not need accessible rooms". 28 C.F.R. Part 36, Appx. A.

30.    Third-Party reservation services should also be subject to these requirements.

31.     Hotels, motels and other places of lodging are required to identify and describe all accessible features in the hotel and guestrooms; "[t]his requirement is essential to ensure individuals with disabilities receive information they need to benefit from the services offered by the place of lodging." "As a practical matter, ……. designating a room as "accessible" does not ensure necessarily that the room complies with all of the 1991 Standards." 28 C.F.R. Part 36, Appx. A.

32.     "Further hotel rooms that are in full compliance with current standards may differ, and individuals with disabilities must be able to ascertain which features – in new and existing facilities – are included in the hotel's accessible guest rooms. For example, under certain circumstances, an accessible hotel bathroom may meet accessibility requirements with either a bathtub or a roll in shower. The presence or absence of particular accessible features such as these may mean the difference between a room that is usable by a particular person with a disability and one that is not". 28 C.F.R. Part 36, Appx. A.

33.     For hotels that were built after the effective date of the 1991 Standards, it is sufficient to advise that the hotel itself is fully ADA compliant, and for each accessible guestroom, to specify the room type, the type of accessible bathing facility in the room, and the communications features in the room. 28 C.F.R. Part 36, Appx. A.

34.     "For older hotels with limited accessibility features, information about the hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do not comply with the 1991 Standards.  For example, if the door to the "accessible" room or bathroom is narrower than required, this information should be included (e.g., door to guest room measures 30 inches clear)". 28 C.F.R. Part 36, Appx. A.

35.     The Hotel is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA.  Additionally, the Website is a place of public accommodation

defined as a "place[s] of exhibition and entertainment," "places of recreation," and "service establishments." 28 C.F.R. § 36.201(a); 42 U.S.C. § 12181 (7).

36.     Defendant, by themselves or by and through a third party own, operate, maintain and control the Website and Websites which contains an online reservation system located at www.giorgiohotel.com, www.hotels.com, and www.booking.com. The Website and Websites are subject to the requirements of 28 C.F.R. Section 36.302(e).

37.     Prior to the commencement of this action, Plaintiff visited the Website and Websites on various dates including January 28, 2019 and dates thereafter to learn about accessible features of the Hotel and in order to assess whether he could reserve an accessible room at the Hotel.  However, the Plaintiff was unable to do so as the Website does not comply with the requirements of the ADA, including the requirements contained in 28 C.F.R. § 36.302(e).  The Plaintiff and others desire to stay at the Hotel but don't know if they are able to do so due to the lack of information on the Website and Websites.  Plaintiff plans on visiting the Website and Websites regularly to see if the Defendant has modified their site to be in compliance with the ADA in addition to desiring to determine if they could stay at the Hotel.  So far they have not.

38.     The Defendant discriminates against the Plaintiff and other disabled individuals throughout the United States who are unable to walk and must use a wheelchair or other motorized mobility device excluding them of the same goods, services, features, facilities, benefits, advantages and accommodations of the Hotel and Website that are available to others.

39.     The Website's homepage mentions features in reference to accessibility features of the Hotel's room and the common areas.  The problem is that the reservation system does not detail which rooms are accessible or not.  Consequently, Plaintiff and the Class cannot choose a room that they know will be accessible.  If you click the link "Rooms" or "Book Now" no information arises in reference to the accessibility of a particular room or information for Plaintiff to decipher which room is accessible or not.  There is literally no information about the room's accessibility features.  If you put in particular dates to reserve a room and access the availability of rooms on particular dates and see a list of available rooms on that date no accessibility information or

accessibility details for each type of available room are displayed.   You can click on the rooms features but there is no narrative detailing whether the room is accessible or not.

40.    The Website's reservation system contains no information as to whether any of its rooms available on particular dates contain accessible features including but not limited to roll in showers or bathtubs, built in seating, grab bars, lowered sinks, wrapped pipes, sink and door hardware, or sufficient maneuvering space complaint within the room.

41.    The Website also is devoid of most of the accessibility information concerning common areas and Hotel amenities and whether the Hotel is accessible in accordance with the 1991 Standards, or if not, the ways in which it is not with regard to the Hotel's entrance, the registration desk, recreational facilities, the restaurants, the parking areas, business center and the routes to and from all of the aforementioned to and from each other such that the Plaintiff, the Class and Subclass can evaluate to determine whether the Hotel is accessible to them, although it provides very general de minimis information about a front entrance ramp and other narrative which falls way short of compliance.

42.    Plaintiff has saved and retained all webpages from the Website and Websites concerning his claim and that of the Class and Subclass.

43.    Upon information and belief, Defendant has not complied with various reservation system requirements: (i) that accessible rooms are held for use by individuals with disabilities until all other non-accessible guest rooms have been rented and the accessible room requested is the only remaining room of that type [§ 36.302 (e)(1)(iii)] and (ii) the requirement to reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from reservation systems.  28 C.F.R. § 36.302 (e)(1)(iv).

44.    Plaintiff and the Class will visit the Website and Websites again to determine if the Defendant has complied with the laws and to learn about the accessible (and inaccessible) features of the Hotel and rooms because they desire to stay there.

45.    Plaintiff and other disabled individuals requiring mobility assistance are aware that the Website is non-compliant at this time and that they have been discriminated against by the Defendant.

46.    The Website can be viewed by individuals located in New York State in addition to the other states of the United States and can be reached from computers, tablets and cellphones which can access the internet.

47.    Defendant has discriminated against Plaintiff and all other mobility-impaired individuals by denying full and equal access to and enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered on the Website in violation of the ADA.

48.    Modifying the Website and Websites to comply with the ADA is readily achievable without undue burden.

49.    Defendant's non-compliant acts prevents the Plaintiff, Class and Subclass from having equal access as the remaining public preventing them from enjoying the goods, services and benefits offered by the Website.


**FIRST CAUSE OF ACTION ON BEHALF OF**
**THE PLAINTIFF, THE CLASS AND THE SUBCLASS**

Violation of Title III of the Americans with Disabilities Act


50.    The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs "1" to "49" as if set forth fully herein.


51.    The Plaintiff is uniped, an amputee, and must use a wheelchair or other motorized mobility device.  The Plaintiff has an impairment that substantially limits one or more of his major life activities and is therefore an individual with a disability as defined under the ADA, 42 U.S.C. § 12102(2).

52.    Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a); 28 C.F.R. §36.201.

53.    Title III of the ADA provides that "places of public accommodation" may not discriminate against people with disabilities.   Defendant operates a place of public accommodation as defined by Title III of ADA, 42 U.S.C. § 12181(7) ("place of exhibition and entertainment," "place of recreation," and "service establishments").

54.    Defendant has failed to provide accessibility features on its Website and Websites about the Hotel, its common areas, its features, its reservation system and its rooms thereby making it non-accessible to disabled individuals who cannot walk without the use of use a wheelchair or other motorized mobility device.

55.    Discrimination under Title III includes the denial of an opportunity for the person who cannot walk without the use of use a wheelchair or other motorized mobility device to participate in programs or services or providing a service that is not equal to that afforded to others.  42 U.S.C. § 12182(b)(l)(A)(i-iii).

56.    Discrimination includes the failure to maintain accessible features of facilities and equipment that are required to be readily accessible to and usable by persons with disability. 28 C.F.R. § 36.211.

57.    Defendant discriminates against the Plaintiff, the Class and Subclass on the basis of their disability by denying them an equal opportunity to participate in and benefit from Defendant's goods, services, facilities, privileges, advantages and/or accommodations in violation of Title III of the ADA, 42 U.S.C. § 12182 (b)(l)(A)(I).

58.    It is unlawful to discriminate against individuals with disabilities or a class of individuals having disabilities to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation offered to others.

59.    Failure to make modifications that are reasonable in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities is unlawful, unless implementing these modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(ii).

60.    "A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden" is a prohibited discriminatory practice under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii).

61.    The Defendant's actions or lack of actions are discriminatory acts against the Plaintiff, the Class and the Subclass as it has denied individuals who are disabled and who cannot walk without the use of use a wheelchair or other motorized mobility device (i) an equal opportunity to participate and benefit from Defendant's goods, services, facilities, privileges, advantages and/or accommodations, in violation of 42 U.S.C. § 1282(b)(1)(A); (ii) a failure to make reasonable modifications in policies, practices and procedures when necessary to afford the Plaintiff, the Class and Subclass such goods, services, facilities, privileges, advantages or accommodations in violation of 42 U.S.C. § 1282(b)(2)(A)(ii); (iii) and failing to take necessary steps to ensure that the Plaintiff and other disabled individuals who cannot walk without the use of use a wheelchair or other motorized mobility device are not excluded, denied services, segregated or treated differently than others because of the absence of accessibility features of the Defendant's Hotel, Website and Websites, including its reservation systems.

62.    The Defendant has denied full and equal access to disabled individuals who cannot walk without the use of use a wheelchair or other motorized mobility device to its Website and Websites

by having barriers to their services and accommodations while providing access to their services and accommodations to non-disabled individuals.

63.   Making necessary modifications by adding proper accessibility or non-accessibility descriptions to its Website and by updating and modifying its reservation system on its Website and Websites to correct the ADA violations existing on the Defendant's Website and Websites in order to make them compliant with ADA and ADAAG requirements would not alter the nature of Defendant's goods, services, privileges, advantages or accommodations nor would it result in an undue burden.

64.    The Defendant must be enjoined from engaging in these unlawful discriminatory practices such that the Plaintiff, the Class and Subclass will no longer be discriminated against.

65.    Absent injunctive relief, there is a clear and imminent risk that the Defendant's discriminatory actions will continue against the Plaintiff, the Class and Subclass causing irreparable harm.

66.    Plaintiff is entitled to injunctive relief in addition to attorney fees, costs and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1).

## <u>SECOND CAUSE OF ACTION ON BEHALF OF</u><br><u>THE PLAINTIFF AND THE SUBCLASS</u>

### Violation of New York State Human Rights Law

67.    The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs "1" to "66" as if set forth fully herein.

68.     At all times relevant to this action, the New York Human Rights Law ("NYHRL"), Article 15 of the N.Y. Executive Law §§ 290 et. seq. covers the actions of the Defendant's.

69.     The Plaintiff, at all times relevant to this action, has a substantial impairment to a major life activity of walking and is an individual with a disability under Article 15 of the N.Y. Executive Law § 292(21).

70.     The Defendant, at all relevant times to this action, owns and operates a place of accommodation, the Website and the Hotel, within the meaning of Article 15 of the N.Y. Executive Law § 292(9).  Defendant is a person within the meaning of Article 15 of the N.Y. Executive Law § 292(1).

71.     The Website and Websites are gateways to and part of the Hotel which is a place of public accommodation.

72.     Plaintiff has visited the Website and Websites and has encountered barriers of access that exist.

73.     Pursuant to Article 15 N.Y. Executive Law § 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... because of the ... disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

74.     Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices or procedures when they are necessary to afford, facilities, privileges, advantages or accommodations to individuals with disabilities. Article 15 of the N.Y. Executive Law§ 296(2)(a), § 296(2)(c)(i).

75.     Defendant's actions violate Article 15 of the N.Y. Exec. Law§ 296(2)(a) by discriminating against the Plaintiff and Subclass by (i) owning and operating the Website that is inaccessible to disabled individuals who cannot walk without the use of use a wheelchair or other motorized mobility device; and (ii) by not removing access barriers to its Website in order to make accessibility features of the Hotel and its rooms known to disabled individuals who cannot walk without the use of use a wheelchair or other motorized mobility device; and (iii) by refusing to

modify the Hotel's online reservation systems on its Website and Websites when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities. This inaccessibility denies disabled individuals who cannot walk without the use of use a wheelchair or other motorized mobility device full and equal access to the facilities, goods and services that the Defendant make available to individuals who are not disabled and can walk without the need of a wheelchair or other motorized mobility device.  Article 15 of the N.Y. Exec. Law§ 296(2)(c).

76.    The Defendant's discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden." Article 15 of the N.Y. Exec. Law§ 296(2)(c).

77.    Established guidelines exist for making websites accessible to disabled individuals who cannot walk without the use of use a wheelchair or other motorized mobility device and are easily obtainable.  These guidelines have been used and followed by government and businesses in making their websites accessible to disabled individuals who cannot walk without the use of use a wheelchair or other motorized mobility device, including but not limited to, having descriptions of accessibility features of a Hotel or lack thereof of its entrance, its common areas, its rooms, its travel routes to and from various components of the Hotel and having a reservation system that does not exclude the disabled.  Incorporating these components in its Website and Websites would not fundamentally alter the Defendant's Website, Hotel or business and would not result in an undue burden.

78.  Defendant has intentionally and willfully discriminated against the Plaintiff and Subclass in violation of the New York State Human Rights Law, Article 15 of the N.Y. Exec. Law § 296(2) and this discrimination continues to date.

79.    Absent injunctive relief, Defendant's discrimination will continue against the Plaintiff and Subclass causing irreparable harm.

80.     Plaintiff and the Subclass are therefore entitled to compensatory damages, civil penalties and fines for each and every discriminatory act in addition to reasonable attorney fees and the costs and disbursements of this action.  Article 15 of the N.Y. Exe. Law §§ 297(9), 297(4)(c) et seq.

## THIRD CAUSE OF ACTION ON BEHALF OF
## THE PLAINTIFF AND THE SUBCLASS

### Violation of New York State Civil Rights Law

81.     The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs "1" to "80" as if set forth fully herein.

82.    Plaintiff served notice thereof upon the attorney general as required by N.Y. Civil Rights Law § 41.

83.    Persons within N.Y.S. are entitled to full and equal accommodations, advantages, facilities and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No persons, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities and privileges thereof.  N.Y. Civ. Rights Law § 40.

84.     No person because of disability, as defined in § 292 (21) of the Executive Law, shall be subjected to any discrimination in his or her civil rights by person or by any firm, corporation or institution, or by the state or any agency or subdivision. N.Y. Civ. Rights Law ("CVR") § 40-c.

85.    § 292 of Article 15 of the N.Y. Executive Law deems a disability a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function.  As such the Plaintiff is disabled under the N.Y. Civil Rights Law.

86.     Defendant discriminates against the Plaintiff and Subclass under CVR § 40 as Defendant's Website is a public accommodation that does not provide full and equal accommodations, advantages, facilities and privileges to all persons and discriminates against disabled individuals who cannot walk without the use of use a wheelchair or other motorized mobility device.

87.     Defendant intentionally and willfully failed to remove the barriers on their Website discriminating against the Plaintiff and Subclass preventing access in violation of CVR §40.

88.     Defendant has failed to take any steps to halt and correct its discriminatory conduct and discriminates against and will continue to discriminate against the Plaintiff and the Subclass members.

89.     Under N.Y. Civil Rights Law § 41 a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby… in any court of competent jurisdiction in the county in which the Plaintiff or Defendant shall reside.

90.     Plaintiff and the Subclass hereby demand compensatory damages of five hundred dollars for the Defendant's acts of discrimination including civil penalties and fines pursuant to N.Y. Civil Law § 40 et seq..


## FOURTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF AND THE SUBCLASS

### Violation of New York City Human Rights Law

91.     The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs "1" to "90" as if set forth fully herein.

92.     At all times, the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code §§ 8-101 et. seq. applied to the conduct of the Defendant as the Defendant owns and operates the Website and is a person under the law.

93.    At all times concerning this action the Plaintiff and the Subclass have had a substantial impairment to a major life activity of walking and are individuals with a disability under N.Y.C. Administrative Code § 8-102(16).

94.    At all times concerning this action the Defendant's Website is a place of public accommodation as defined in N.Y.C. Administrative Code § 8-102(9).

95.    "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of the actual or perceived ……. disability …. of any person to withhold from or deny to such person any of the accommodations required to make reasonable accommodations to a disabled individual and may not "refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof" N.Y.C. Admin. Code § 8-107(4)(a).

96.    The willful and intentional non-removal of the Website's barriers of access for the Plaintiff and the Subclass by the Defendant discriminates against disabled individuals who cannot walk without the use of use a wheelchair or other motorized mobility device by denying them full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled individuals who can walk without the use of use a wheelchair or other motorized mobility device.

97.    It is discriminatory for the Defendant "not to provide a reasonable accommodation to enable a person with a disability to …. enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Administrative Code § 8-107(15)(a).

98.    Defendant's actions will continue to prevent the Plaintiff and Subclass from accessing the Website as the remaining public can and the Plaintiff requests injunctive relief.

99.    Plaintiff and Subclass are also entitled to compensatory damages for the injuries and loss sustained as a result of the Defendant's discriminatory conduct in addition to punitive damages

and civil penalties and fines for each offense, attorney fees, costs and disbursements of this action. N.Y.C. Administrative Code § 8-120(8), § 8-126(a) and § 8-502(a).

## FIFTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF CLASS AND SUBCLASS FOR DECLARATORY RELIEF

100.    The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs "1" to "99" as if fully set forth herein.

101.    The Plaintiff claims that the Website and Websites contains barriers denying disabled individuals who cannot walk without the use of a wheelchair or other motorized mobility device full and equal access to the goods and services of the Website.

102.    Defendant's Website and Websites fail to comply with applicable laws and the Defendant discriminates against the Plaintiff and Subclass under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, et seq., N.Y. Exec. Law§ 296, et seq., and N.Y.C. Administrative Code § 8-107, et seq.

103.    The Defendant denies these claims.

104.    The Plaintiff seeks a declaratory judgment such that the parties understand and know their respective rights and obligations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

a.    A declaratory judgment pursuant to Federal Rules of Civil Procedure Rule 57 declaring the Defendant's policies, procedures and practices are discriminatory against the Plaintiff in violation of Title III of the Americans with Disabilities Act, The New York Human Rights Law, the New York City Human Rights Law and the laws of New York;

b.    Enjoining the Defendant from actions that deny disabled individuals who cannot walk without

the use of use a wheelchair or other motorized mobility device access to the full and equal enjoyment of Defendant's Website and Websites and from violating the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.,* N.Y. Exec. Law§ 296, *et seq.,* N.Y.C. Administrative Code§ 8-107, *et seq.,* and the laws of New York;

c.    An Order of the Court requiring the Defendant to make the Website and Websites fully compliant with the requirements set forth in the ADA, and its regulations pursuant to 28 C.F.R. § 36.302(e)(1) and the 2010 ADAAG Standards, so that the Website is readily accessible to and usable by disabled individuals who cannot walk without the use of use a wheelchair or other motorized mobility device;

d.    An Order of the Court which certifies this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3); appointing Plaintiff as Class Representative; and his attorney as counsel for the Class;

e.    Compensatory damages, statutory penalties and fines for Plaintiff and the proposed Subclass for violations of their civil rights under the New York State Human Rights Law;

f.    Compensatory damages, statutory penalties and fines for Plaintiff and the proposed Subclass for violations of their civil rights under the New York State Civil Rights;

g.    Compensatory damages, punitive damages, statutory penalties and fines for Plaintiff and the proposed Subclass for violations of their civil rights under the New York City Human Rights Law;

h.    Reasonable costs, disbursements and Plaintiff's attorney fees pursuant to the ADA, New York Human Rights Law, New York City Human Rights Law and the laws of New York;

i.   For pre-judgment and post-judgment interest to the highest extent permitted by law; and

j.   Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself the Class and Subclass demands a trial by jury on all issues and requested relief.

Dated: Great Neck, New York
      March 24, 2020                  /s/ Mitchell Segal
                                      _____
                                      Mitchell Segal, Esq.
                                      Law Offices of Mitchell Segal, P.C.
                                      *Attorneys for Plaintiff, the Class and Subclass*
                                      1010 Northern Boulevard, Suite 208
                                      Great Neck, New York 11021
                                      Ph. (516) 415-0100
                                      Fx. (516) 706-6631